USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/25/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SONDEST LOUIS,

                Plaintiff,

-against-

NEW YORK PRESBYTERIAN HOSPITAL,

                Defendant.

23-CV-02044 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      Defendant in this case filed a letter-motion at Dkt. No. 40 seeking leave to seal various exhibits. The Court having examined the exhibits in question and considered Defendant's representations, the letter-motion for leave to seal is GRANTED IN PART and DENIED IN PART.

      Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Defendant's request to file Exhibits E, F, and I under seal is DENIED in light of the presumption in favor of public access, which outweighs any competing considerations of privacy with respect to those exhibits, in light of the information already placed in the public record by Plaintiff in his Complaint. Defendant is directed, within **three days of the date of this Order**, to file Exhibits E, F, and I on the public docket.

      Defendant's request to file all of Exhibit J under seal is DENIED because the exhibit contains both private medical information as well as general form language. *See Deide v. Day*, No. 23-cv-03954 (NSR) (VR), 2023 WL 8602879, at *2 (S.D.N.Y. Dec. 11, 2023) (where documents contained references to personal medical information and unrelated information, "[s]ealing of the unrelated information would not be 'narrowly tailored.'"). However, Defendant should file Exhibit J in redacted form, with the handwritten portions of the Exhibit redacted, **within three days of the date of this Order**. The Court finds that such narrowly tailored redactions are necessary to protect Plaintiff's private medical information. *See, e.g.*, *Robinson v. De Niro*, No. 19-cv-09156 (LJL) (KHP), 2022 WL 2712827, at *3 (S.D.N.Y. July 13, 2022).

The Clerk of Court is directed to TERMINATE Dkt. No. 40.

Dated: September 25, 2024
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge